IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LISA ANN MCCONNELL,                )
                                   )
        Plaintiff,                 )
                                   )
    v.                             )   Civil Action No. 15-1336
                                   )
                                   )
COMMISSIONER OF SOCIAL SECURITY,   )
                                   )
        Defendant.                 )

O R D E R

AND NOW, this 30th day of November, 2016, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision, denying Plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. § 401, et seq., and denying Plaintiff's claim for supplemental security income benefits under Subchapter XVI of the Social Security Act, 42 U.S.C. § 1381, et seq., finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. § 405(g); Jesurum v. Secretary of U.S. Dep't of Health & Human Servs., 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988); see also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a

federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1] Plaintiff argues, in essence, that the Administrative Law Judge ("ALJ") erred by: (1) improperly assessing the medical opinions of Plaintiff's treating physicians in formulating her residual functional capacity assessment ("RFC"); and (2) failing to consider Plaintiff's work history when evaluating her credibility. The Court disagrees and finds that substantial evidence supports the ALJ's findings as well as his ultimate determination, based on all the evidence presented, of Plaintiff's non-disability.

First, it is well-established that "[t]he ALJ—not treating or examining physicians or State agency consultants—must make the ultimate disability and RFC determinations." Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 361 (3d Cir. 2011) (citing 20 C.F.R. §§ 404.1527(e)(1), 404.1546(c)). Moreover, "[t]he law is clear . . . that the opinion of a treating physician does not bind the ALJ on the issue of functional capacity." Brown v. Astrue, 649 F.3d 193, 197 n.2 (3d Cir. 2011). In fact, a treating physician's opinion is only entitled to controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record." Fargnoli v. Massanari, 247 F.3d 34, 43 (3d Cir. 2001) (quoting 20 C.F.R. § 404.1527(c)(2)). "If, however, the treating physician's opinion conflicts with other medical evidence, then the ALJ is free to give that opinion less than controlling weight or even reject it, so long as the ALJ clearly explains [his or] her reasons and makes a clear record." Salles v. Comm'r of Soc. Sec., 229 Fed. Appx. 140, 148 (3d Cir. 2007). Thus, a treating physician's opinion on the ultimate issue of disability is not entitled to any "special significance," and an ALJ is not required to accept it since the determination of whether an individual is disabled "is an ultimate issue reserved to the Commissioner." Smith v. Comm'r of Social Sec., 178 Fed. Appx. 106, 112 (3d Cir. 2006).

In the present case, the Court finds no merit in Plaintiff's contention that, in formulating Plaintiff's RFC, the ALJ improperly decided against giving controlling weight to certain opinions in the record, including those of Jeffrey P. Hein, M.D., John Carey, M.D., and Elizabeth DeCicco, C.R.N.P. Instead, the Court finds that the ALJ fulfilled his duty as fact-finder to evaluate the opinions expressed by the various health care providers, considering a number of factors, and in light of all the evidence presented in the record. See 20 C.F.R. §§ 404.1527, 416.927. Further, the Court notes that the ALJ extensively reviewed Plaintiff's medical records—including those related to the doctors' treatment relationships with Plaintiff—and stated that he was giving those opinions little weight for reasons that were clearly and specifically explained in his decision.

For example, Plaintiff first points to a medical statement form filled out by treating physician Dr. Hein on October 8, 2013. (R. 600-03). On that date, Dr. Hein indicated that Plaintiff had no work capacity and was essentially limited to less than sedentary work with

2

marked limitations in functioning. (R. 44). In his decision, the ALJ explained that he gave this form very little weight because Plaintiff's next appointment, only three weeks later, was unremarkable, she reported doing well, had no complaints, and was described as alert and oriented, pleasant and cooperative, and without distress. (R. 44). The ALJ also explained that, a few weeks after that, Plaintiff reported during another appointment with Dr. Hein that her headaches were well-controlled and that she was otherwise stable. (R. 44). The ALJ further noted that, at about that same time, records from Staunton Clinic indicate that Plaintiff reported that she was dating, that she was going out 2-3 times a week in 2014, and that she was having a good time. (R. 44). Thus, after considering the opinion expressed by Dr. Hein in conjunction with the other evidence from the same time period, the ALJ concluded that "[s]uch inconsistencies cannot be ignored, and they significantly undermine the persuasiveness that can be afforded to [Dr. Hein's] statements in reflecting the most that can be sustained on a regular and continuous basis." (R. 44).

Additionally, the Court notes that the form from October, 2013, consists merely of options to circle or check and blanks to be filled in by hand. (R. 601-03). The Court of Appeals for the Third Circuit has stated that "[f]orm reports in which a physician's obligation is only to check a box or fill in a blank are weak evidence at best." Mason v. Shalala, 994 F.2d 1058, 1065 (3d Cir. 1993). Thus, Dr. Hein's opinion lacks significant discussion, explanation or details to justify his statements contained therein. Likewise, the Court notes that another simple form which Plaintiff mentions in a footnote, a state employability assessment form filled out by Dr. Hein in March, 2014, was also appropriately given little weight by the ALJ. (R. 44, 613-15). This document is, likewise, merely a form report which lacks details or discussion to justify Dr. Hein's decision to check the box indicating that Plaintiff is permanently disabled. See Smith, 178 Fed. Appx. at 112 (explaining that an ALJ is not required to give special significance to a treating physician's opinion on the ultimate issue of disability). Accordingly, the ALJ did not err in declining to give such forms controlling weight.

Next, the ALJ explained in his decision that he also gave little weight to a second medical statement form filled out by Dr. Hein in September, 2014, because that form is also inconsistent with Plaintiff's treatment records from that time. (R. 44, 672-75, 680). That statement includes findings of marked restrictions of activities of daily living and marked difficulty in maintaining social functioning, and findings that Plaintiff could never climb, balance, stoop, kneel, crouch or crawl. (R. 674-75). The ALJ pointed out that the records from that date actually show that Plaintiff presented with no distress and as breathing easily, that she had lost weight, and that her hypertension was stable. (R. 44, 680). The ALJ also explained that the records further show that, although Plaintiff reported neck pain, Dr. Hein specifically noted that Plaintiff's imaging showed merely mild narrowing of her cervical spine, and that, although she subjectively reported ear pain, he stated that her examination was completely normal. (R. 44, 680). Additionally, the ALJ explained that, although Dr. Hein indicated that Plaintiff had depression with trouble sleeping, he did nothing more than prescribe her medication. (R. 44, 680). The ALJ also noted that Plaintiff's treatment records at Staunton Clinic during this time

indicate that Plaintiff had GAF scores above 50 and relatively unremarkable mental status exams. Thus, the ALJ concluded that "[w]hen considered in light of the claimant's treatment records as a whole, the limitations reflected in Dr. Hein's opinion statements are not reasonably supported, and his statements cannot be found to be an accurate reflection of the most that could be sustained on a regular and continuous basis." (R. 44). Moreover, the Court further notes that the ALJ did not completely reject Dr. Hein's opinions, but instead restricted her to light work with considerable postural limitations. (R. 33). Accordingly, the Court finds that the ALJ thoroughly explained his reasons for giving Dr. Hein's opinions less than controlling weight.

Plaintiff also contends that the ALJ did not properly weigh the opinion of her treating neurologist, Dr. Carey, in formulating her RFC. In particular, Plaintiff argues that the ALJ never specified in his analysis how much weight he gave to Dr. Carey's opinion. The Court notes, first, that Plaintiff is mistaken, and that the ALJ did in fact state that he gave Dr. Carey's opinion "little" weight. (R. 36). The Court further finds that the ALJ thoroughly discussed his decision to do so. (R. 36). For example, the ALJ stated that Dr. Carey had opined that Plaintiff has migraine headaches with blurry vision occurring approximately once a week, and that she cannot work when she has such a headache. (R. 36, 577). The ALJ explained that he gave such assessment little weight because it is largely inconsistent with the doctor's own treatment record, which described her headaches as "ameliorated" with medication, and the records of Dr. Hein, which describe her headaches as "well controlled." (R. 36, 504, 606). Additionally, the ALJ noted the fact that Plaintiff has sought no subsequent treatment for her headaches. Also, the ALJ stated that even when Plaintiff reported having tension headaches to her providers at Staunton Clinic—and when she initially went to see Dr. Carey—her presentation was relatively unremarkable. (R. 38, 507, 639). In fact, other than noting some anxiety issues (which were no more than moderate), Plaintiff was alert, cooperative, and had normal gait and she showed unremarkable orientation, affect, mood, and thought organization. Thus, the ALJ found that he could not find that Dr. Carey's statement that Plaintiff's "headaches would preclude all work entirely supported by her objective presentation on examination." (R. 36). Moreover, the ALJ noted that he took Plaintiff's headaches into consideration when he formulated her RFC, limiting her to no more than unskilled work that avoids workplace hazards, but he simply found that "a more restrictive limitation is not reasonably supported by the medical evidence of record as a whole." (R. 36). Therefore, the Court finds that the ALJ provided adequate reasons for giving Dr. Carey's assessment less than controlling weight when formulating Plaintiff's RFC.

Finally, Plaintiff contends that the ALJ was not clear about the weight that he assigned to Nurse DeCicco's statement in formulating Plaintiff's RFC, and Plaintiff appears to suggest that the ALJ should have given greater weight to the opinion of Nurse DeCicco in reaching his decision. First, the Court notes that the ALJ was not required to consider the opinion of Nurse DeCicco because, as a nurse practitioner, she is not an "acceptable medical source" for purposes of determining Social Security disability benefits. 20 C.F.R. § 404.1513(a); Chandler v.

Comm'r of Soc. Sec., 667 F.3d 356, 361-62 (3d Cir. 2011). Nevertheless, the ALJ discussed Nurse DeCicco's statement in his decision, and explained that he gave the statement some weight to the extent that it indicated moderate mental limitations. (R. 44-45, 667-68). To the extent that Nurse DeCicco's opinion listed marked limitations in maintaining attention and concentration, however, the ALJ found that the treatment records did not establish that such a restrictive limitation is warranted in Plaintiff's case. (R. 45). The ALJ also noted that Nurse DeCicco suggested that Plaintiff has moderate to marked limitations in behaving in an emotionally stable manner and in relating predictably in social situations, and he explained that such statements are a significant factor in his inclusion of restrictions of no production rate pace work or more than occasional and routine changes in a work setting and limited interaction with others. (R. 45). The ALJ concluded, however, that, given Plaintiff's consistent and conservative treatment, her GAF scores, and the fact that she generally presents as alert, cooperative, and with normal orientation, he could not find that the record supports more significant limitations than those which he included in his RFC. (R. 45). The Court therefore finds that the ALJ adequately considered Nurse DeCicco's opinion, and that he did not err in declining to give that opinion controlling weight.

Plaintiff argues, additionally, that the ALJ erred in evaluating her credibility, particularly in failing to consider her work history. The Court disagrees and finds that the ALJ properly considered in his decision all the relevant evidence, that he included an extremely detailed discussion of the medical evidence in the record, and that he explained the ways in which that evidence contradicted Plaintiff's subjective complaints regarding her many alleged impairments. (R. 34-43). For example, the ALJ noted that Plaintiff has had only routine office visits with her primary care physician, and that when she sought specialized care, her symptoms were ameliorated with conservative treatment and only minimal objective findings were made. (R. 39-40). Additionally, the ALJ stated that while Plaintiff was alleging significant limitations in her daily activities due to pain, she was reporting a wide range of activities to her mental health providers. (R. 40). Thus, the ALJ concluded that "[w]hen considered as a whole, the record does not reasonably reflect the intensity, persistence or functionally limiting effects resulting from the claimant's pain complaints as would support a more restrictive finding than adopted herein." (R. 40).

Moreover, while the ALJ was not required to afford Plaintiff heightened credibility based solely on her work history, see Schreibeis v. Comm'r of Soc. Sec., No. 10-1025, 2012 WL 11101, at *1, n.1 (W.D. Pa. Jan. 3, 2012), the ALJ did state in his decision the fact that Plaintiff has a strong work history up until 2008. (R. 46). However, the Court notes that Plaintiff has not worked since 2008, which is approximately four years before the alleged onset date of disability. Additionally, although the ALJ pointed out that Plaintiff does have a strong work history, he also specified that her past work included skilled work at a medium exertional level, and that—while Plaintiff is clearly now limited in a manner that precludes her returning to her past work—the evidence does not reasonably establish that she would be precluded at the present time from sustaining a limited range of unskilled, light exertion work, as set forth in the RFC.

5

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 10) is DENIED and Defendant's Motion for Summary Judgment (Doc. No. 12) is GRANTED.

s/ Alan N. Bloch<br>United States District Judge

ecf:  Counsel of record

---

(R. 46). Therefore, the Court finds that the ALJ adequately evaluated Plaintiff's credibility, and that substantial evidence supports the ALJ's conclusion that, "after careful consideration of the evidence . . . the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; but, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained" in his decision. (R. 34).

Thus, upon review, the Court finds that the ALJ properly discharged his duty to consider Dr. Hein's opinion, Dr. Carey's opinion, Nurse DeCicco's opinion and the other relevant evidence presented in the record. Throughout his decision, the ALJ clearly considered all the evidence, provided discussion of the evidence to support his evaluation, and ultimately concluded that certain opinions of record were not supported by the evidence as a whole. The Court therefore finds that substantial evidence supports the ALJ's evaluation of the opinions presented and his decisions as to the weight he gave to those opinions in making his ultimate determinations regarding Plaintiff's RFC. The Court further finds that the ALJ did not err in assessing Plaintiff's credibility. Accordingly, the Court affirms.